**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Raul GONZALEZ–TORRES,
Defendant-Appellee.**

No. 85–5217
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1986.

Laura Bonn, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

Joel Kaplan, Miami, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals the district court order acquitting defendant Raul Gonzalez-Torres of knowing and intentional possession of marijuana with intent to distribute, 21 U.S.C. § 955a(a) (1982) and 18 U.S.C. § 2 (1982), notwithstanding the verdict. This case is controlled by *United States v. Cruz-Valdez*, 773 F.2d 1541 (11th Cir.1985) (en banc), which had not been issued when the district court found the government merely proved defendant's presence on the vessel. On the basis of *Cruz-Valdez*, we reverse, finding there was sufficient evidence for the jury to convict defendant.

Gonzalez-Torres was arrested aboard the OLD HORSE twenty miles off the Bahamian coastline; only he and the captain were aboard when the Coast Guard intercepted and searched the vessel. Although the OLD HORSE was a lobster boat, it was not in a fishing area and carried only a line and some floats. In addition, the Coast Guard officers observed a strong smell of fiberglass resin, several irregular, pronounced fiberglass seams above the fuel tank, and a minute amount of marijuana on the deck. They also found fiberglass resin and matting in a storage compartment. When the officers investigated the seams, Gonzalez-Torres and his co-defendant, who previously sat quietly, acted very nervous and anxious and talked continuously to each other. The officers uncovered 1,600 pounds of marijuana in a compartment beneath these seams.

We begin with the principle that a jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Under our standard of review,

> [i]t is not necessary that the evidence exclude every reasonable hypothesis of

innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

*United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).[1]

In *Cruz-Valdez*, we adopted a rule of reason for determining whether the evidence in "mere presence" drug smuggling cases satisfies the sufficiency test.

> The circumstances required to establish voluntary participation in the criminal acts that are afoot may vary. There is no set formula. A jury may find knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present.

*United States v. Cruz-Valdez*, 773 F.2d at 1546. The court must examine "all of the proved circumstances, including presence, to determine whether from them a reasonable jury could infer and find beyond a reasonable doubt knowing and intentional participation." *Id.* at 1545. Although no longer bound by a rigid formula, we discussed several factors that satisfy the government's burden of proof including: a large quantity of contraband, a long voyage, a close relationship between captain and crew, suspicious behavior, whether the contraband was obvious and the absence of supplies or equipment necessary to the vessel's intended use. *Id.* at 1547. More importantly, we recognized the improbability that a drug smuggler would allow an "unaffiliated bystander" aboard a vessel loaded with valuable contraband. *Id.* at 1546–47.

The evidence in the present case contained factors sufficient for the jury to convict Gonzalez-Torres. First, the boat lacked equipment necessary for lobster

---

**1.** This circuit has adopted as precedent all decisions of Unit B of the former Fifth Circuit.

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982).

fishing and was not in a fishing area and Coast Guard officers found a small amount of marijuana on deck. In addition, the strong smell of fiberglass resin along with fiberglass and resin supplies in a storage compartment supports an inference that the marijuana was concealed shortly before the ship was apprehended. Moreover, the change in defendant's demeanor when the officers began prying loose the fiberglass seams supports an inference that he knew what was hidden. An innocent passenger would have no cause to react in such a manner. More importantly, the jury could infer a close relationship between defendant and the captain from their presence alone together on a vessel carrying 1600 pounds of marijuana because the captain would be unlikely to risk his contraband by carrying a nonparticipating passenger. During trial Gonzalez-Torres exercised his constitutional right to remain silent. Thus, the jury was not faced with a credibility choice. Viewing the totality of circumstances, we hold the evidence was sufficient for the jury to convict Gonzalez-Torres.

REVERSED.