**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harold BUTZ, Defendant-Appellant.**

No. 85–2504.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 17, 1985.

Decided Jan. 9, 1986 *.

As Amended Jan. 17, 1986.

As Amended on Denial of Rehearing March 6, 1986.

Rehearing Denied April 18, 1986.

Julius L. Echeles, Chicago, Ill., for defendant-appellant.

expeditiously. We are now circulating the opinion in printed form.

Spencer Weber Waller, Dept. of Justice, Chicago, Ill., for plaintiff-appellee.

Before BAUER, WOOD and POSNER, Circuit Judges.

PER CURIAM.

Appellant, Harold Butz, was convicted by a jury in June 1985 of two counts of falsifying records in connection with the sale of two semi-automatic firearms (in violation of 18 U.S.C. § 923) and one count of conspiring to falsify those records (in violation of 18 U.S.C. § 371). He was sentenced to six months in jail on the conspiracy count and began serving that sentence in September 1985. Consecutive to that sentence, he must serve five years probation on the other two counts. On appeal, he challenges his conspiracy conviction on the ground that there is insufficient evidence to support it. Butz does not challenge his conviction for falsifying records. The jury verdict must be upheld "if after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Liefer,* 778 F.2d 1236, 1248–1249 (7th Cir.1985) (quoting *United States v. Murray,* 753 F.2d 612, 615 (7th Cir.1985)). One of the essential elements of a conspiracy is that there is, in fact, an agreement. *United States v. Cerro,* 775 F.2d 908, 911 (7th Cir.1985). Because the evidence, even viewed in the light most favorable to the government, fails to establish an agreement, we reverse Butz's conspiracy conviction.

Robert Mariacher, who was Butz's codefendant at trial, was charged in the same three counts as Butz. Mariacher, however, was acquitted on all of those counts. The government does not challenge the traditional rule that because a defendant must agree with at least one other person before he can be convicted of conspiracy, a conviction of one conspirator and acquittal of the other conspirator cannot be allowed to stand. *See* P. MARCUS, PROSECUTION AND DEFENSE OF CRIMINAL CONSPIRACY CASES § 2.03 (Supp. & Revision 1985) (citing numerous cases). The government asserts, however, and the appellant agrees, that there is an exception to the rule that permits a defendant to be convicted of conspiring with persons not named as defendants, even persons whose names are unknown, if the indictment asserts (as in this case) that such persons exist, and the evidence supports the existence of such a conspiracy. *Id.* The issue, therefore, becomes whether, with Mariacher out of the picture, there is evidence to support a conspiracy conviction.

The government's key witness at trial was Richard Madeja, an unindicted coconspirator. In his testimony, Madeja indicated that he spoke with Mariacher in 1980 about obtaining semi-automatic weapons for conversion into machine guns. Mariacher indicated to Madeja that he could get weapons with paperwork that would be untraceable, which meant that the Bureau of Alcohol, Tobacco, and Firearms (ATF) forms requiring a purchaser's name, would be filled out with the names of nonexistent or deceased people. Madeja agreed to this arrangement, and eventually a weapon that was purchased by Mariacher from the gun store that Butz owned was delivered to Madeja. The evidence also indicated that Mariacher had purchased another semi-automatic weapon from Butz's gun shop and sold it to a friend, Rocco Filliponio, who was arrested a short time later with the gun in his possession. In short, the evidence, viewed most favorably to the government, supported the government's contention at trial that the conspiracy was at the design of Mariacher, with the okay of Madeja, and was accomplished through the activity of Butz. Tr. at 453. There is, however, absolutely no evidence to indicate that there was a conspiracy that was independent of Mariacher.

There is no evidence that Butz knew or ever had any contact with Rocco Filliponio. The government, in their brief, contends that there was sufficient evidence from which one could infer an independent agreement between Butz and Madeja. If this were true, then Butz's conviction would have to be upheld. At oral argu-

ment, however, the government conceded that there was no linkage or meeting of the minds other than to the extent it occurred through Mariacher. The concession, of course, is fatal to the government's case because the traditional rule, which the government does not challenge, requires that there be evidence that supports the existence of a conspiracy independent of the acquitted coconspirator. As the government conceded, there is no such evidence in the present case. In addition, there is testimony from the government's own witness that strongly contradicts the inference that there was an independent agreement between Butz and Madeja. Madeja never met with Butz to discuss anything about the purchase or manufacture of a handgun. Tr. at 79–80. When asked whether he had ever entered into any agreement with Harold Butz to violate any firearms statute, Madeja indicated that he had never entered into any such agreement. Tr. at 144. Madeja also testified that he never entered into any agreement with Butz to buy the firearms for which Butz falsified the ATF forms. So, even if it were true that a buyer-seller relationship alone could create a conspiracy, there was no evidence of any direct relationship. The government asserted in their brief that even if there was no direct relationship, it could have been done through other middlemen. There is, however, absolutely no evidence in the record to support such a contention. Even if an agreement to procure the guns could be shown, that is not the agreement charged in the indictment (which asserted they were agreeing to falsify ATF forms). Moreover, the law in this circuit is that "the mere agreement of one person to buy what another agrees to sell, standing alone, does not support a conspiracy conviction." *United States v. Mancillas*, 580 F.2d 1301, 1307 (7th Cir.1978); *see also United States v. Murray*, 753 F.2d 612, 616 (7th Cir.1985) (quoting *Mancillas*).

In summary, because there is no evidence to support the conspiracy conviction, we reverse Butz's conviction on the conspiracy count. Butz challenges this Court's authority to remand for resentenc-

ing on the remaining two counts. *In United States v. Covelli*, 738 F.2d 847 (7th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 211, 83 L.Ed.2d 141 (1984), this Court, relying on *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), remanded the case for resentencing after we affirmed the defendant's conviction on a conspiracy count, but reversed his conviction on a substantive count. More recently, in *United States v. Kuna*, 781 F.2d 104 (7th Cir.1986), we remanded for resentencing on all counts after setting aside some of the sentences as illegal. The appellant in Kuna objected to our remanding for resentencing on the unchallenged sentences. We found that argument to be without merit, noting once again that the Supreme Court in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), stated that "[t]he Constitution does not require that resentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Kuna*, at 106 (quoting *DiFrancesco*, 449 U.S. at 135, 101 S.Ct. at 436). As Butz correctly points out, this case is somewhat different from *Kuna* and *Covelli* because here he did not present any arguments to the Court for overturning his convictions on the substantive counts. However, when Butz filed his notice of appeal, this Court acquired jurisdiction over all three counts. *See United States ex rel. Zembowski v. DeRobertis*, 771 F.2d 1057, 1064 (7th Cir.1985). Because the arguments that Butz chose to raise on appeal do not affect this Court's jurisdiction, we remand the case to the district court for resentencing on the remaining two counts. *See United States v. Hagler*, 709 F.2d 578 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983).