See also, 7th Cir., 790 F.2d 576.

---

**UNITED STATES of America, Plaintiff,**

v.

**Donald Herbert WINDFELDER, Defendant.**

No. 84–CR–0107.

United States District Court, E.D. Wisconsin.

Feb. 1, 1989.

David Geraghty, Milwaukee, Wis., for plaintiff.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

ORDER

REYNOLDS, Senior District Judge.

On January 24, 1989, the court announced a decision from the bench granting defendant's motion for clarification or modification of defendant's conditions of probation. The parties were in court to begin a hearing on the government's motion for probation revocation. At the time the court announced its decision, the court

indicated that the decision would be published. The following is the court's written decision and order on defendant's motion, the substance of which was announced from the bench.

Following a jury trial, defendant Donald H. Windfelder ("Windfelder") was convicted of filing a false income tax return in Count One of an indictment and of filing a false estate tax return in Count Two of an indictment. As to Count One, Windfelder was sentenced to incarceration for a period of eighteen (18) months. As to Count Two, sentence was suspended and Windfelder was placed on probation for a period of five years to commence upon the completion of his incarceration in Count One. As a condition of the probation ordered in Count Two, and pursuant to 18 U.S.C. § 3651, this court ordered Windfelder to pay full restitution to the estate of Lauretta Windfelder in the amount of $409,714.13.

Windfelder has now served the sentence in Count One of the indictment and is presently serving the probationary period sentenced in Count Two of the indictment. The government contends that Windfelder has not been paying the restitution as ordered and alleges that Windfelder has funds at his disposal to make restitution. The government is asking this court to revoke Windfelder's probation. The revocation hearing was originally scheduled in July 1988, but has been adjourned several times, most often at the government's request.

Windfelder has contested the government's allegation that he has money at his disposal to make restitution. In July, Windfelder also moved this court for a clarification or modification of the conditions of probation. In this motion, Windfelder argues that the court did not have the authority to order Windfelder to make restitution to the estate of Lauretta Windfelder a condition of the probation imposed in Count Two. The government's response to this motion was not filed until January 20, 1989, when the government filed its materials for the revocation hearing. The defendant also filed an additional brief on his motion with the materials defendant filed for the revocation hearing.

At the time Windfelder was sentenced, the authority for imposing restitution as a special condition of probation was set forth in 18 U.S.C. § 3651, as follows:

> While on probation and among the conditions thereof, the defendant—
>
> . . . .
>
> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had. . . .

Defendant argues that the estate of Lauretta Windfelder was not an aggrieved party for the offense charged in Count Two, and, therefore, the imposition of restitution in Count Two was not authorized by § 3651. Defendant bases this argument on the fact that in convicting Windfelder in Count Two of the indictment, the jury, as a matter of law, was not required to determine whether Windfelder had embezzled money from the estate of Lauretta Windfelder. Defendant contends that, as a matter of law, this determination was restricted to the conviction of the offense alleged in Count One, namely, the filing of a false income tax return. Windfelder does not deny that the estate of Lauretta Windfelder was an aggrieved party, but contends that the estate was aggrieved under Count One of the indictment and, therefore, any restitution under § 3651 could only have been imposed in Count One.

The government opposes the defendant's motion and argues that the estate of Lauretta Windfelder was a party aggrieved by the offense committed in Count Two of the indictment and that restitution was, therefore, properly ordered as a condition of probation in Count Two. The government argues that the estate was an aggrieved party under Count Two for two reasons. First, the government contends that Mr. Kamholz, the attorney who prepared the estate tax return, testified in connection with Count Two that, had he known about the money Windfelder had taken from Lauretta Windfelder, he would not have prepared the estate tax return in the fashion that he did. Instead, Kamholz would have

listed Windfelder as owing a debt to the estate. Thus, the government concludes that Windfelder's concealment of the truth victimized the estate. Second, the government contends that Count Two of the indictment clearly indicated that the estate of Lauretta Windfelder suffered damages in the amount of $409,714.13, the difference between the $196,332.47 Windfelder had reported as the total gross estate and the $606,046.60 which Windfelder knew to be the true gross estate. Finally, the government has also argued that since Windfelder consented to the amount of restitution ordered by consenting to all conditions of probation, he can no longer challenge its imposition.

■ The court has fully considered the parties' positions and will grant the defendant's motion. Windfelder's motion has challenged the court's authority to impose restitution as a condition of probation in Count Two. As such, the motion argues that this court has imposed an illegal sentence in Count Two. Because Windfelder challenges the legality of the restitution order and not the amount of restitution ordered, this court finds that he could not have waived his right to raise this issue by consenting to the conditions of probation. Thus, the only issue for this court to resolve is whether the court had the authority to impose restitution to the estate of Lauretta Windfelder as a condition of probation in Count Two.

■ Section 3651, the statute under which probation was imposed, clearly allows this court to order restitution to an aggrieved party for damages caused by the offense for which conviction was had.

> The well-settled construction of the language [of § 3651] is that restitution may be ordered as a condition of probation only for actual damages flowing from the specific crime charged in the indictment of which the defendant is convicted either after a trial or a plea of guilty.

*United States v. Tiler,* 602 F.2d 30, 33 (2d Cir.1979).

At the time of trial, the court explicitly instructed the jury that to find the defendant guilty of the offense charged in Count One, the jury would have to find that the defendant embezzled money from the estate of Lauretta Windfelder. The jury found the defendant guilty on Count One and, therefore, the court concludes that the jury found that the defendant embezzled money from the estate.

The offense charged in Count Two, namely that Windfelder submitted to the IRS an estate tax return in which he knowingly understated the value of the gross estate, may have aggrieved the IRS, but did not aggrieve the estate of Lauretta Windfelder. The estate of Lauretta Windfelder was not injured by the filing of the false estate tax return; rather, the estate was injured by the defendant's embezzlement of funds from Lauretta Windfelder, which was a necessary finding made by the jury in convicting Windfelder of the charge in Count One, filing a false income tax return. The defendant has been sentenced on Count One and has served that sentence.

Any damages to the estate of Lauretta Windfelder flowed from the offense committed in Count One of the indictment, not Count Two. Therefore, although this court may have had the authority to sentence Windfelder to probation in Count One and impose restitution to the estate of Lauretta Windfelder as a condition of that probation, this court concludes that it did not have the authority to impose restitution to the estate of Lauretta Windfelder as a condition of probation in Count Two. The court believes that this conclusion is mandated by the decision announced in *United States v. Kuna,* 760 F.2d 813, 820 (7th Cir.1985).

Because this court has concluded that it was without authority to impose restitution as a condition of probation in Count Two, this court will grant the defendant's motion. The court regrets that the parties have engaged in such extensive discovery regarding the revocation issue, but the defendant's motion did not come to the attention of the court until the government's response was received.

■ The government has asked the court to resentence the defendant on Count

Two. Since the defendant's sentence on Count One of the indictment has already been served, this court does not have the authority to resentence the defendant on Count One. The defendant has taken the position that resentencing on Count Two is not necessary, and argues that the condition of restitution should be set aside leaving the rest of the sentence intact. The court finds that, although there may be some limitations on what sentence may be imposed, the court is not prohibited from resentencing the defendant on Count Two. *See United States v. Kuna,* 781 F.2d 104 (7th Cir.1986). The court will, therefore, vacate the defendant's sentence on Count Two, and will resentence the defendant at 10:00 a.m. on February 24, 1989.

IT IS THEREFORE ORDERED that the defendant's motion for modification or clarification of conditions of probation is granted, and the defendant's sentence on Count Two of the indictment is vacated.

IT IS FURTHER ORDERED that the court will resentence the defendant on Count Two at 10:00 a.m. on Friday, February 24, 1989.