**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bruno MANCARI, Defendant–Appellant.**

No. 88–2215.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 8, 1989.

Decided May 5, 1989.

Edward M. Genson, Genson Steinback & Gillespie, Chicago, Ill., for defendant-appellant.

Stephen P. Sinnott, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before WOOD, Jr., POSNER, and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

The indictment charged Bruno Mancari and Robert DelPercio with conspiring with each other and "others known and unknown to the Grand Jury" to violate feder-

al drug laws, and with delivering a controlled substance. See 21 U.S.C. §§ 846 (conspiracy), 841(a)(1) (delivery). The two defendants were tried together. The jury acquitted DelPercio but convicted Mancari of both conspiracy and delivery. The judge sentenced him to four years in prison.

The appeal raises only two points that require discussion. The first is whether, DelPercio having been acquitted of conspiracy, there was sufficient evidence to convict Mancari of conspiracy. The government agrees that for purposes of this appeal the acquittal of DelPercio on the conspiracy count prevents us from upholding Mancari's conviction of conspiracy on the basis of evidence that he conspired *with* DelPercio, since on that basis the jury, to be consistent, would have had to convict DelPercio too. The government's concession is consistent with the many cases affirming the "rule of consistency," see, e.g., *United States v. Sachs*, 801 F.2d 839, 845 (6th Cir.1986), but is unwarranted. In *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), the Supreme Court, reaffirming *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), held that the acquittal of a defendant on one count does not invalidate his conviction on the other count(s), even if the acquittal and conviction are inconsistent. Powell was acquitted of conspiracy to possess and possession of cocaine but convicted of using the telephone to facilitate these offenses. In upholding his conviction the Court emphasized that the acquittal was as likely to have been error as the conviction, and that a defendant is in any case protected from being erroneously convicted by his right to challenge the sufficiency of the evidence on appeal—whereas the government has no protection against an erroneous acquittal since with immaterial exceptions it cannot appeal an acquittal. If this approach seems to make inroads into the right to trial by jury, they are no greater than those made by the harmless-error rule, Fed.R.Crim.P. 52(a), which has been interpreted to require that a conviction be upheld if a rational jury would not have been swayed by the error, regardless of whether a real jury might have been.

See, e.g., *United States v. Kerley*, 838 F.2d 932, 937 (7th Cir.1988); *United States v. Mazzone*, 782 F.2d 757, 763 (7th Cir.1986).

■ Although *Powell* and *Dunn* are cases where the inconsistent verdict was rendered against one defendant, their reasoning applies with undiminished force to a case in which the jury has treated codefendants inconsistently. (Cf. *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), holding that the acquittal of the principal offender does not preclude conviction of his aider and abettor.) The acquittal of a codefendant may have been motivated by sympathy for that defendant but the government can do nothing about it. The jury in this case may just have been sympathetic to DelPercio and acquitted him lawlessly, although this is hardly a compelling inference since as we shall see the evidence against him was weak. But our only point is that after *Powell* there can be no *presumption* that the jury acquitted DelPercio because the government had failed to prove him guilty beyond a reasonable doubt, and convicted Mancari lawlessly.

Reexamining the "rule of consistency" in light of *Powell*, a panel in the Ninth Circuit has concluded that "the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement to act.... Each case must be examined carefully to see whether evidence of conspiring with others, known or unknown, was produced during the trial." *United States v. Valles–Valencia*, 823 F.2d 381, 382 (9th Cir.1987) (per curiam) (amending 811 F.2d 1232). So if there is overwhelming evidence of conspiracy, the jury will be assumed not to have convicted lawlessly the conspirator it convicted but instead to have acquitted the other(s) lawlessly. This approach makes good sense in light of *Powell*, but its applicability to this case is uncertain, as the evidence of DelPercio's participation in the conspiracy was far from overwhelming. The government does not suggest, however, that this might be the reason it does not rely on *Powell*. It does not cite *Powell*, or *Dunn*, or *Standefer*, or *Valles–Valencia*. It accepts the

rule of consistency and therefore concedes that we must overturn Mancari's conspiracy conviction, irrespective of the evidence against DelPercio, unless we find a conspirator other than DelPercio among those "others known and unknown to the Grand Jury." See *United States v. Butz*, 784 F.2d 239 (7th Cir.1986) (per curiam); *United States v. Gonzalez–Torres*, 779 F.2d 626, 630 (11th Cir.1986); *United States v. Wright*, 742 F.2d 1215, 1224 (9th Cir.1984); *United States v. Bell*, 651 F.2d 1255, 1258 (8th Cir.1981).

■ The government's theory was that DelPercio sold cocaine to Mancari for resale to the ultimate consumer. There was considerable evidence that Mancari had other suppliers as well, who the government argues conspired with him, but this argument won't wash. Mancari purchased in small quantities, a quarter of an ounce at most. As far as a supplier could tell based on quantity alone, Mancari was purchasing for his personal consumption. Of course these unknown other suppliers *may* have known he was buying for resale, but there is no evidence that they did, for there is no evidence about those suppliers. The quantities Mancari bought were not so large that his suppliers *must* have known he was a dealer rather than a mere user, yet unless they knew this they did not conspire with him. A sale for the buyer's personal consumption, as distinct from a sale for resale, does not a conspiracy make. See, e.g., *United States v. Douglas*, 818 F.2d 1317, 1321 (7th Cir.1987); *United States v. Manzella*, 791 F.2d 1263, 1265 (7th Cir.1986); *United States v. Butz, supra*, 784 F.2d at 241. And there is no such thing as unconscious membership in a conspiracy. "[T]he government must prove that the alleged coconspirator knew of the conspiracy and that he intended to join and associate himself with its criminal design and purpose." *United States v. Moya–Gomez*, 860 F.2d 706, 758 (7th Cir.1988); see also *United States v. Ras*, 713 F.2d 311, 314 (7th Cir.1983). In a conspiracy to sell drugs, the supplier must *know* he is supplying a dealer.

■ There can of course be conspirators who are not suppliers. The first time Mancari sold cocaine to the government's undercover agent (April 23, 1985), he introduced her to a man named "Gary," and also told the agent that "Butch" would bring the stuff to the apartment where the transaction was to be consummated. When the agent showed up at the apartment at the appointed time, Mancari was there with Gary and two other men. He introduced one of the new men to her as "Butch." Butch, probably Gary, and possibly the third man as well were conspirators with Mancari in the sale to the agent. The same agent made another purchase at the same apartment on May 2, and present with Mancari were Gary and two new men, one named "David." On May 29 another sale to the agent took place, this one in the parking lot of a drugstore, and an unidentified man drove Mancari to and from the assignation. There were subsequent sales as well, but there is no evidence that other conspirators were present at or otherwise involved in them. Nevertheless there was enough evidence concerning the earlier transactions to support Mancari's conviction of conspiracy, at least with Butch, who both fetched the cocaine for a sale by Mancari to the agent and attended at the sale.

All this assumes, however, that evidence concerning the transactions of April 23 and May 2 was properly before the jury on the issue of conspiracy; and Mancari's second argument is that it was not—that this evidence, which on the view we take of the case was essential to proving him guilty of conspiracy beyond a reasonable doubt, should not have been admitted at all, because the transactions occurred before the conspiracy was alleged to have begun. The trial judge agreed that this was other-crimes evidence (i.e., was not within the scope of the indictment) but allowed it in anyway, to show "the larger picture of the transactions which form the indictment." This ruling was proper under Fed.R.Evid. 404(b). The onset of a course of dealings is admissible to enable the jury to grasp the context in which the specific transactions charged as being criminal occurred. See, e.g., *United States v. Marks*, 816 F.2d

1207, 1209–10 (7th Cir.1987); *United States v. Currier,* 821 F.2d 52, 55 (1st Cir.1987). The problem is that with DelPercio out of the picture and no convincing evidence that Mancari's other suppliers were conspirators with him (since they may have thought he was buying for his own use rather than for resale), there is insufficient evidence of any conspiracy *except* in connection with the transactions of April 23 and May 2.

■ The trial judge erred not in admitting evidence about those transactions but in admitting it as other-crimes evidence. The indictment charged that the conspiracy lasted "from in or about May 1985 through at least July 1985." (What clumsy and ungrammatical prose! The government could have avoided the problems in this case by treating the English language with more respect.) The sale on May 2 fell squarely within the period of the alleged conspiracy. April 23 was only a week before May 1, and we think this was "in or about May," since "from … *about* May" (emphasis added) can include time in April. Cases that hold that "when the indictment uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient," *United States v. Leibowitz,* 857 F.2d 373, 379 (7th Cir.1988), are legion, and "on or about" is treated the same. See *United States v. Harrell,* 737 F.2d 971, 981 (11th Cir.1984). The so-called other-crimes evidence therefore was admissible to prove Mancari guilty of a conspiracy with Butch, and perhaps also with Gary, David, and the other men (all being among the "others known and unknown to the Grand Jury" referred to in the indictment) who attended at the sales to the undercover agent, who presumably knew what Mancari was doing, who assisted him in doing it.

■ It would of course be irregular to affirm Mancari's conviction on the basis of evidence admitted for another purpose. But there is precedent for such an approach, see *United States v. Bailey,* 859 F.2d 1265, 1282–83 (7th Cir.1988); *United States v. Alexander,* 850 F.2d 1500, 1505 n. 3 (11th Cir.1988); cf. *United States v. Buckhanon,* 505 F.2d 1079, 1083 (8th Cir. 1974), and the argument for affirmance would be a powerful one if we were confident that the jury had either disobeyed the judge's instructions and considered the "other crimes" evidence on the issue of conspiracy—which would not have been an error under our interpretation of the time limits in the indictment—or acquitted Del-Percio out of sympathy, which would not have been an error of which Mancari could complain. Either way the jury would have found Mancari guilty of conspiracy on the basis of admissible evidence sufficient to prove that there was indeed a conspiracy during the period charged in the indictment. Mancari could hardly complain that the jury was permitted to consider the April 23 and May 2 transactions for a limited purpose when the jury should have been permitted to consider them without limitation because the indictment encompassed them after all. "[T]he limiting instruction was more favorable than [the defendant] deserved." *United States v. Kennedy,* 291 F.2d 457, 459 (2d Cir.1961) (Friendly, J.).

But there is a third possibility. It is consistent both with the limiting instruction and with the less than overwhelming evidence against DelPercio (consisting of his having been seen with Mancari in a parking lot during one of the sales to the undercover agent). This is that the jury may have obeyed the instruction, found DelPercio not to be guilty beyond a reasonable doubt, and concluded that Mancari had conspired with his (other) suppliers—overlooking the lack of evidence to prove that any of those other suppliers knew that Mancari was a dealer rather than just a user.

Doubts must be resolved in favor of the assumption that the jury was rational, but the force of this precept is weakened in this unusual case where, given the weakness of the evidence against DelPercio, the jury, to have convicted Mancari rationally, would have had to disobey the judge's (incorrect) limiting instruction and consider the April 23 and May 2 transactions on the issue of the existence of a conspiracy. What makes this interpretation of the jury's verdict implausible, and in fact provides an independent reason against upholding the verdict

on this ground, is that throughout the case the government has treated the transactions of April 23 and May 2 as other-crimes evidence and nothing more. Indeed its brief in this court belittles that evidence in an effort to show that the admission of it was at worst a harmless error. Mancari has never been placed on notice that the evidence might be used to convict him rather than just to fill in the background to the later transactions. Had he known, he might have defended himself differently. He does not argue that he would have, but then the government has never alerted him to the possibility that this evidence might be used to establish a conspiracy between him and the persons present at those transactions.

The government's improvident concessions regarding the "rule of consistency" and the temporal scope of the conspiracy have assured that the evidence of Mancari's participation in a conspiracy would be insufficient. His conviction of conspiracy is reversed with directions to acquit. The conviction for delivery is affirmed, with directions to resentence. See *United States v. Holzer*, 840 F.2d 1343, 1352 (7th Cir.1988).

AFFIRMED IN PART AND REVERSED IN PART.