**UNITED STATES of America, Plaintiff,**

v.

**Gus ALEX and Nicholas Gio, Defendants.**

**No. 91 CR 727.**

United States District Court,
N.D. Illinois, E.D.

April 30, 1992.

See also 790 F.Supp. 801, 789 F.Supp. 953, 788 F.Supp. 1013.

Chris C. Gair, Mark J. Vogel, U.S. Atty.'s Office, Chicago, Ill., for plaintiff.

Martin S. Agran, Agran & Agran, Chicago, Ill., for M. Rainone.

Carl M. Walsh, Sam Adam, Chicago, Ill., for C. Alex.

David S. Mejia, Oak Park, Ill., for L. Patrick.

Kenneth H. Hanson, Chicago, Ill., for N. Gio.

## ORDER

ALESIA, District Judge.

Before the court is the government's *Santiago* proffer on the superseding indictment (the "original proffer") and the government's amendment to the *Santiago* proffer on the superseding indictment (the "amended proffer"). Defendant Gus Alex ("Alex") has filed a response to both the original proffer and the amended proffer. Defendant Nicholas Gio ("Gio") has moved *in limine* to exclude any testimony by Leonard Patrick ("Patrick") regarding Gio's involvement in the alleged conspiracy.

The court now addresses the admissibility of coconspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). As is required by Federal Rule of Evidence 104(a), before admitting these statements into evidence, this court is required to make a preliminary determination that the government has demonstrated, by a preponderance of the evidence, that: "(1) a conspiracy existed; (2) the defendant and declarant were members thereof; and (3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy." *United States v. Reiswitz*, 941 F.2d 488, 497 (7th Cir.1991); *United States v. Cox*, 923 F.2d 519, 526 (7th Cir.1991). In making this determination, we may examine the hearsay statements sought to be admitted. *Bourjaily v. United States*, 483 U.S. 171, 181, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987). Equally important, even if the statements are made in the embryonic stages of the conspiracy, they are admissible against those who join the conspiracy later, so long as the statements are made during the course of, and in furtherance of the conspiracy. *See United States v. Potts*, 840 F.2d 368, 371 (7th Cir.1987). Against this legal background, we now address the government's submissions.

In its original proffer the government submitted an eleven-page statement of the facts establishing the conspiracy and each defendant's participation in it. Because of Patrick's subsequent plea of guilty, the government's amended proffer stated that the existence of and Alex and Gio's membership in the conspiracy would be proved by a variety of means including Patrick's testimony. The court has reviewed the government's submissions and with certain exceptions, is satisfied that the government has met its burden to establish the elements set forth above as to Alex and Gio.

According to the *Santiago* proffers, Gio's membership in and existence of the conspiracy will be established through the testimony of James LaValley ("LaValley"), an unindicted coconspirator. Furthermore,

Patrick will testify that he was aware that Gio was working with LaValley and that Patrick had spoken on occasion to Gio. After our review of the proffers, it is more likely than not that a conspiracy existed, that Gio participated in the conspiracy, and that statements were made "during the course of" and "in furtherance of" the conspiracy. In light of this court's ruling, Gio's motion *in limine* to exclude Patrick's testimony regarding Gio's alleged involvement in the conspiracy is denied.[1]

In this same vein, the existence of the conspiracy and Alex's membership in the conspiracy will be proved by a variety of means. Specifically, Patrick will testify to a conversation he had with LaValley in November of 1989 at which time they discussed collecting money from Myron and Phil's Restaurant. According to the amended proffer, Patrick will also testify that he told LaValley that Patrick would have to answer to Alex regarding Mario Rainone's actions.[2] In addition, the statements made during the December 1989 tape-recorded conversation between Patrick and Alex were made in furtherance of the conspiracy. We are satisfied that both of these conversations are close enough in time to the conspiracy charged in the indictment. *See United States v. Mancari,* 875 F.2d 103, 106 (7th Cir.1989). Based upon the proffers, it is more likely than not that a conspiracy existed, that Alex participated in the conspiracy, and that statements were made "during the course of" and "in furtherance of" the conspiracy.

On a related note, the government seeks to introduce statements made by James Marcello, an unindicted coconspirator, to Patrick in which he ordered Patrick to intimidate the owners of the Lake Theater. Similarly, Patrick will testify that he ordered members of his crew to beat up Al Tapper ("Tapper") because Patrick suspected Tapper of attempting to defraud him. Alex objects to the admission of this evidence against him under Rule 801(d)(2)(E) and argues that there is insufficient evidence demonstrating that Alex joined this conspiracy. We do not agree. These statements are conditionally admitted against Gio and Alex pursuant to Rule 801(d)(2)(E), subject to proof of an actual conspiracy trial.

However, not all statements set forth in the government's proffers are admissible under the coconspirator exception. First, the government has withdrawn its proffer to the extent it sought a determination of the admissibility of the statements made by Patrick to Gary Edwards ("Edwards") in November of 1989.

■ Second, Patrick may not testify as to the contents of a conversation wherein Sam Giancana allegedly informed him in the middle 1950's that he was "with Alex." This is an inadmissible hearsay statement. As an initial matter, Sam Giancana is dead. Moreover, this conversation which purportedly took place more than thirty years prior to the conduct charged in the indictment is remote in time.

■ Third, the government argues that declaration evidence made in furtherance of the Lenny Patrick Street Crew's loansharking conspiracy is admissible against Gio and Alex. According to the government's logic, because each defendant participated in a loansharking conspiracy and because this "juice loan activity" overlaps the time period charged in the indictment, it is admissible against Gio and Alex under the coconspirator exception. We do not agree. The superseding indictment is wholly devoid of any charges of "juice loans" or loansharking activity. We are persuaded by Alex's arguments that these statements have nothing to do with the charged extortion based conspiracy. The court rules that this collateral and uncharged conspiracy declaration evidence is not admissible pursuant to Rule

---

1. We note for the record that Gio's characterization of the government's amended proffer is incorrect. Contrary to Gio's interpretation, the amended proffer reveals that Patrick does have knowledge of Gio's involvement in the alleged conspiracy.

2. The government has asserted that it will not offer Patrick's comments to LaValley against Gio.

801(d)(2)(E).   In fact, the court will not allow the government to pursue this line of questioning at trial.

With the exception of loansharking declaration evidence, Patrick's statements to Edwards in mid-November 1989, and Patrick's alleged conversation with Sam Giancana, the court is satisfied that the government has established, by a preponderance of the evidence, that the coconspirator statements at issue fall within the scope of Rule 801(d)(2)(E).   Therefore, in this circuit, the trial judge has the option of conditionally admitting the coconspirator declaration evidence, subject to actual proof of these matters at trial.   *See United States v. Cox*, 923 F.2d at 526;   *United States v. Santiago*, 582 F.2d 1128, 1131 (7th Cir.1978).   The court chooses to exercise that option.

For the reasons stated, we conditionally admit certain of the coconspirator statements offered by the government under Federal Rule of Evidence 801(d)(2)(E) against Gio and Alex, subject to actual proof of the conspiracy at trial.   Gio's motion *in limine* is denied.

