*Id.* at 526–27, 61 S.Ct. at 685 (citations omitted) (emphasis added).

The district court correctly made an informed judgment after looking at all the relevant facts in this case. The court based its valuation of Potter upon "the Debtor's past earnings record, the state of the economy, the highly competitive nature of the Debtor's business, the present financial position of the Debtor and the Debtor's projections of future earnings." The valuation of a corporate debtor is a complex task, requiring an evaluation of considerable data concerning the past, present, and future operations of the debtor. Unless the creditors challenging a "cram-down" reorganization can show that the court below made an erroneous valuation, this court will not reweigh the evidence on appeal. The Unsecured Creditors' Class has failed to demonstrate that the value placed on Potter by the courts below was erroneous. We affirm the district court's decision.

### III.

The Unsecured Creditors' Class appeals the decision of the district court to affirm the bankruptcy judge's confirmation of Potter's Second Amended Plan of Reorganization. The appellant contends that the plan will allow Ochstein, the sole shareholder of Potter, to retain or receive an interest in Potter greater than Ochstein's contribution of new capital to Potter. The appellant is unable, however, to show that the district court's decision was erroneous. The decision of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven A. KUNA, Jr.,
Defendant-Appellant.**

**No. 85–2032.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1985.
Decided Jan. 8, 1986.

Jeffrey R. Liebman, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant-appellant.

John F. Podiska, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before WOOD and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FLAUM, Circuit Judge.

Defendant Steven A. Kuna, Jr. was convicted on five counts of mail fraud and one count of filing a false statement with a government agency, in connection with his activities as general partner of a limited partnership engaged in options trading. Kuna appealed his convictions and sentence to this court, and we affirmed the convictions on all counts. *United States v. Kuna,* 760 F.2d 813 (7th Cir.1985) (*"Kuna I"*). We vacated a probation condition attached to one of the counts, however, and remanded the case for resentencing. *Id.* at 820. Kuna now appeals from his resentencing. We affirm.

I.

The district court originally had sentenced Kuna to two years imprisonment on each of the five mail fraud convictions, to run concurrently with each other. On the false statement count, the court imposed a probation period of five years and, as a condition of probation, ordered Kuna to make restitution to the injured limited partners in the amount of $1.2 million. *Kuna,* 760 F.2d at 820. On review, we held that this condition of probation violated the statutory requirement that restitution be made "to aggrieved parties for actual damages or losses caused by the offense for which conviction was had," 18 U.S.C. § 3651, since the limited partners were injured by Kuna's mail fraud activities, not his false statement. *Id.* After confirming the underlying convictions, therefore, we decided to "vacate the condition of probation and remand the case to the district court." *Id.* We noted that "[i]n so far as the district court imposes a sentence consistent with the sanctions it originally intended to impose, and consistent with this opinion, the Double Jeopardy clause is not affected." *Id.*

On remand, the district court resentenced Kuna. The court terminated the probation on the false statement count and changed the sentence on one of the mail fraud counts from two concurrent years in prison to five years probation, the probationary period to run consecutively to the other sentences. In addition, the court imposed as a condition of that probation the requirement that Kuna make the $1.2 million restitution to the limited partners.

In this appeal Kuna argues that his modified sentence still is illegal. Kuna claims that in the previous appeal this court vacated only the restitution condition and affirmed the sentences on the mail fraud counts. Reasoning from this position, Kuna asserts that the "only conceivable jurisdictional resource" that the district court could employ to modify the sentence was Rule 35(b) of the Federal Rules of Criminal Procedure. That Rule provides:

[T]he court may reduce a sentence ... within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment.... Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Kuna argues that in resentencing him, the district court impermissibly increased, rather than reduced, his sentence. Kuna asserts that notwithstanding the last sentence of Rule 35(b), the period of probation newly imposed increased the sentence because it was to run consecutive to the other prison terms, while the previous sentence imposed only concurrent terms.

## II.

We decline to discuss the merits of Kuna's argument for the simple reason that he has misinterpreted our decision in *Kuna I.* Although the language of *Kuna I* is less than precise, we can conclude that this court fully intended the district judge to re-evaluate Kuna's entire sentence package. Any other interpretation would render meaningless the observation in *Kuna I* that resentencing would not raise double jeopardy concerns "[i]n so far as the district court imposes a sentence consistent with the sanctions it originally intended to impose." 760 F.2d at 820. The district court, therefore, was authorized by this court's mandate to resentence Kuna on all counts, to the extent necessary to impose a lawful sentence in accord with its original intentions, and it need not invoke Rule 35(b) as the jurisdictional base.

There is no question that this court has the authority to vacate an entire sentence, even though the defendant has challenged only a portion thereof, in order to allow the district court to impose a corrected sentence package. *See, e.g., United States v. Covelli,* 738 F.2d 847, 862 (7th Cir.1984); *United States v. Jefferson,* 714 F.2d 689, 707 (7th Cir.1983), *on remand,* 760 F.2d 821, 824–25 (7th Cir.1985). As the Supreme Court pointed out, " '[t]he Constitution does not require that resentencing should be a game in which a wrong move

by the judge means immunity for the prisoner.' " *United States v. DiFrancesco,* 449 U.S. 117, 135, 101 S.Ct. 426, 436, 66 L.Ed.2d 328 (1980) (quoting *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947)).

We must emphasize, however, the crucial nature of the "original intentions" limitation on the district court's power to resentence. The courts consistently have imposed the original intentions requirement with an eye toward double jeopardy and due process concerns. *See, e.g., North Carolina v. Pearce,* 395 U.S. 711, 723–25, 89 S.Ct. 2072, 2079–80, 23 L.Ed.2d 656 (1969); *United States v. Covelli,* 738 F.2d 847, 862 (7th Cir.1984); *United States v. Jefferson,* 714 F.2d 689, 707 (7th Cir.1983). Moreover, it is clear that this limitation is important in order to encourage defendants to appeal from illegal or unconstitutional sentences without fear of receiving a greater sentence in retaliation. *See Pearce,* 395 U.S. at 723–26, 89 S.Ct. at 2079–81.

A review of the corrected sentence reveals that the district judge resentenced Kuna according to her original intentions, by moving the restitution condition to an appropriate count. We therefore affirm.