UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles SHUE, Defendant-Appellant.

No. 86–1242.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 9, 1986.

Decided June 30, 1987.

Richard Leng, Barrington, Ill., for defendant-appellant.

Victoria J. Peters, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before EASTERBROOK and RIPPLE, Circuit Judges, and GRANT, Senior District Judge.[*]

---

[*] The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

RIPPLE, Circuit Judge.

Appellant Charles Shue asks this court to review the order of the district court resentencing him to twenty years imprisonment for his conviction on Count IV of a multicount indictment. Mr. Shue's convictions for Counts I–III of the indictment were reversed by this court because of constitutional error and remanded for retrial; Count IV was affirmed. For the reasons set forth in the following opinion, we affirm the resentencing order of the district court.

I

Prior Proceedings

A. *Trial Court*

Mr. Shue was convicted in the federal district court by a jury of Counts I–IV of a multicount indictment.[1] He was sentenced to five years imprisonment on Count I, twenty-five years imprisonment on Count II, consecutive to the sentence on Count I, and two concurrent five-year terms of probation on Counts III and IV, consecutive to the sentences on Counts I and II.

B. *First Appeal*

Mr. Shue appealed his convictions to this court. *United States v. Shue*, 766 F.2d 1122 (7th Cir.1985). The court held that the prosecution impermissibly commented on Mr. Shue's post-arrest silence to suggest appellant's guilt on Counts I, II, and III in violation of his due process right to a

fair trial. *Id.* at 1131–32. The prosecution's comments did not, however, taint the appellant's conviction on Count IV. *Id.* at 1133. The court explicitly affirmed the conviction and sentence on Count IV and reversed and remanded for a new trial the convictions on Counts I, II and III.[2] *Id.* at 1136.

II

Proceedings Under Review

A. *District Court Action*

Following remand, the government filed a motion in the district court to resentence Mr. Shue on the affirmed count. R.138. The district court granted the motion, *United States v. Shue*, No. 81 CR 362, mem. op. at 1 (N.D.Ill. Dec. 9, 1985) [hereinafter cited as Mem. op.] [Available on WESTLAW, DCT database]; R.147 at 1, and resentenced him to twenty years incarceration on Count IV,[3] R. 150, concurrent with a twenty-four-year sentence for armed robbery imposed upon him by the State of Illinois. At the time of resentencing, and at the time that oral arguments were heard in this appeal, Mr. Shue had not been retried on the reversed counts.

B. *Rationale of the District Court*

In granting the government's motion to resentence Mr. Shue, the district court, relying on *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); [4] *United States v. DiFrancesco*,

---

1. Mr. Shue was convicted of conspiracy (Count I), attempted bank robbery (Count III) and two counts of bank robbery (Counts II and IV). The jury acquitted the appellant on one count of bank robbery (Count V), and the court directed a verdict of acquittal as to another count of bank robbery (Count VI).

2. The court stated: "For the foregoing reasons, the conviction and sentence on Count IV are affirmed. The convictions on Counts I, II, and III are reversed and remanded for the new trial which they merit." *United States v. Shue*, 766 F.2d 1122, 1136 (7th Cir.1985).

3. The twenty-year sentence on Count IV (bank robbery) is within the statutory limit provided by 18 U.S.C. § 2113(a) for the offense.

4. In *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), the Su-

preme Court of the United States reversed the Supreme Court of Pennsylvania's holding that the double jeopardy clause barred resentencing of the defendant on counts that were affirmed on appeal by the state when the sentence of imprisonment on another count was vacated. The Court pointed out that the rationale of the Supreme Court of Pennsylvania in so holding was inconsistent with *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). *See infra* note 5 (describing *DiFrancesco*). The Court stated that in *DiFrancesco* [w]e noted that the decisions of this Court "clearly establish that a sentenc[ing in a non-capital case] does not have the qualities of constitutional finality that attend an acquittal." ... In *North Carolina v. Pearce*, ... we held that a court could sentence a defendant on retrial more severely than after the first

449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980);[5] and *United States v. Covelli*, 738 F.2d 847 (7th Cir.), *cert. denied*, 469 U.S. 867, 105 S.Ct. 211, 83 L.Ed.2d 141 (1984), held that the resentencing did not violate the double jeopardy clause of the fifth amendment. The court, citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 626 (1969), acknowledged that the double jeopardy clause has been interpreted as protecting an individual against multiple punishments for the same offense. However, the court held that "the same policy interests supported by the Double Jeopardy Clause are not at stake in a situation where reevaluation of a sentence, rather than multiple sentencing, is at issue." Mem. op. at 2. "[T]he Double Jeopardy Clause's 'bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent' have [sic] little application where a convicted felon's sentence is merely being reevaluated in light of changed circumstances." *Id.* at 3 (quoting *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437). The district court asserted that, in *Goldhammer*, the Supreme Court read its earlier *DiFrancesco* holding as "consistent with the idea that double jeopardy protections do not bar resentencing of a criminal defendant on affirmed convictions where other convictions and sentences are re-versed on appeal." *Id.* The court found "no conceptual difference between these cases and the present case." *Id.* at 4. Accordingly, it granted the government's motion to resentence on the affirmed Count IV conviction. *Id.*

## III

### Discussion

#### A. *District Court Authority to Resentence*

■ The district court was correct in concluding that, despite the unfortunate language of our earlier remand order,[6] it had authority to resentence Mr. Shue. The district court was quite right in perceiving that the nature of the proceedings in this court during the first appeal supplied no reason for a deviation from the general rule that, when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent. *See United States v. Butz*, 784 F.2d 239, 241 (7th Cir.1986); *United States v. Kuna*, 781 F.2d 104, 106 (7th Cir.1986) (*Kuna II*); *United States v. Jefferson*, 760 F.2d 821, 823 (7th Cir.), *vacated on other grounds*, 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), *on remand*, 782 F.2d 697 (7th Cir. 1986). *But see United States v. Henry*, 709 F.2d 298, 305–06 (5th Cir.1983) (en banc).[7] Indeed, in *Kuna II*, this court had

---

trial. Any distinction between the situation in *Pearce* and that in *DiFrancesco* is " 'no more than a conceptual nicety.' " ... Indeed, a resentencing after an appeal intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after retrial.

106 S.Ct. at 353–54.

**5.** *United States v. DiFrancesco* held that the double jeopardy clause is not violated when the government seeks review in a federal court of appeals of a defendant's sentence under the dangerous special offender provision of the Organized Crime Control Act of 1970. *See* 18 U.S.C. §§ 3575, 3576. The Second Circuit had held that "to subject a defendant to the risk of substitution of a greater sentence, upon an appeal by the government, is to place him a second time 'in jeopardy of life or limb.' " *United States v. DiFrancesco*, 604 F.2d 769, 783 (2d Cir.1979). The Supreme Court disagreed, stating, *inter alia*,

that "the pronouncement of a sentence has never carried the finality that attached to an acquittal," 449 U.S. at 133, 101 S.Ct. at 435, and that "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be," *id.* at 137, 101 S.Ct. at 437.

**6.** *See supra* note 2.

**7.** In *United States v. Henry*, 709 F.2d 298 (5th Cir.1983) (en banc), the court overturned a district court's increase of the legal part of a sentence to compensate for a vacated illegal sentence (under Rule 35 of the Federal Rules of Criminal Procedure) because the court of appeals had not previously vacated the legal sentence. "The Fifth Circuit ... indicated that if it had intended to allow the district court discretion to increase the legally imposed sentence, it would have expressly vacated it." *United States*

previously heard an appeal of the defendant's convictions. The court affirmed the convictions on all counts, but vacated a probation condition attached to one of the counts and remanded to the district court. The language used by the court to remand was: "[W]e vacate the condition of probation and remand for resentencing." *United States v. Kuna*, 760 F.2d 813, 820 (7th Cir.1985) (*Kuna I*). On remand, the district court resentenced Mr. Kuna by adjusting his entire sentence package. Mr. Kuna appealed the resentencing, arguing that the district court had no authority to resentence as it did. 781 F.2d at 105–06. This court stated that "[a]lthough the language of *Kuna I* is less than precise, we can conclude that this court fully intended the district judge to re-evaluate Kuna's entire sentence package." *Id.* at 106.

■ Like the panel in *Kuna II*, we are mindful of the Supreme Court's admonition in *DiFrancesco* that " '[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.' " 449 U.S. at 135, 101 S.Ct. at 436 (quoting *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947)). The practical realities of present sentencing practices require this approach. When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. *See, e.g., United States v. Thomas*, 788 F.2d 1250, 1260 (7th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the

sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

Thus, despite the previous panel's failure to vacate explicitly the sentencing package and remand for resentencing, we hold that the district court had the authority to re-evaluate the sentencing package in light of the changed circumstances and resentence the defendant to effectuate the original sentencing intent. Moreover, as we shall discuss in the following paragraphs, there can be no question that such resentencing does not violate the double jeopardy clause or the due process clause. *See Kuna II*, 781 F.2d at 106.

### B. *Double Jeopardy*

The fifth amendment guarantee against double jeopardy "has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Pearce*, 395 U.S. at 717, 89 S.Ct. at 2076. It is the last of these protections that is implicated when a defendant is resentenced after a successful appeal in which convictions on some of multiple counts are reversed and others are affirmed.

In *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183,[8] the Supreme Court held that, in accordance with *DiFrancesco*[9] and *Pearce*, the double jeopardy clause did not bar resentencing on counts that were affirmed on appeal when a sentence of imprisonment on another count was vacated. "Indeed, a resentencing after an appeal intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after

*v. Jefferson*, 760 F.2d 821, 824 (7th Cir.), *vacated on other grounds*, 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), *on remand*, 782 F.2d 697 (7th Cir.1986) (citing *Henry*, 709 F.2d at 304). Research revealed only the *Henry* case making this distinction between a vacated and a non-vacated sentence. In light of *Kuna II's* liberal construction of this court's disposition in *Kuna I*, precise

language vacating an entire sentencing package is not required to vest jurisdiction in the district court when part of a criminal judgment is affirmed and part is reversed on appeal.

**8.** *See supra* note 4.

**9.** *See supra* note 5.

retrial." 106 S.Ct. at 354. Yet, Mr. Shue argues that he has a legitimate expectation of finality in his sentence and that this bars the district court from resentencing him. He relies on *United States v. Jones*, 722 F.2d 632 (11th Cir.1983), which held that, where the defendant (who had not appealed his conviction or sentence) had begun to serve his sentence, he had a legitimate expectation as to the duration of the sentence that was protected by the double jeopardy clause. *Id.* at 638. The *Jones* court stated that "unless the statute explicitly provides for sentence modification, as in *DiFrancesco,* or the defendant knowingly engages in deception, a sentence may not be altered in a manner prejudicial to the defendant after he has started serving the sentence." *Id.* at 638–39.

■ Mr. Shue's reliance on *Jones* is unpersuasive. As the Fourth Circuit noted in *United States v. Bello*, 767 F.2d 1065 (4th Cir.1985), the majority opinion in *DiFrancesco*, "undercut[ ] the basis for any general rule that the Double Jeopardy Clause precludes à sentence increase once the defendant has commenced serving the sentence." *Id.* at 1069. The *Bello* court pointed out that *DiFrancesco* "focused on whether the defendant held a legitimate 'expectation of finality' as to the original sentence, in order to determine whether increasing the sentence later was tantamount to multiple punishment." *Id.* at 1070. Certainly, there can be no expectation of finality in a sentence originally imposed when the convicted and sentenced defendant exercises his right to appeal. *Cf. Bello,* 767 F.2d at 1070. Where the defendant challenges one of several interdependent sentences (or underlying convictions) he has, in effect, challenged the entire sentencing plan. *See United States v. Busic*, 639 F.2d 940, 947 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). Consequently, he can have no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal. Indeed, since *DiFrancesco*, this court has

consistently held that, in multicount convictions, there is no double jeopardy bar to enhancing the sentence on one or more counts that are affirmed on appeal in order to fulfill the sentencing intent of the trial judge when other counts are reversed. *See United States v. Paul*, 783 F.2d 84, 87 (7th Cir.1986); *Kuna II,* 781 F.2d at 106; *Covelli,* 738 F.2d at 862.

■ Here, there is no question that the resentencing to twenty years imprisonment was within the legitimate expectations of Mr. Shue. The original sentences imposed on all four counts of which Mr. Shue was convicted were clearly interdependent; they comprised a sentencing package. When that sentencing package was "unbundled" because of a successful appeal of some, but not all, of the counts of the multicount conviction, the double jeopardy clause does not bar resentencing on the affirmed count so long as the new sentence conforms to statutory limits [10] and effectuates the district court's original sentencing intent. *See Kuna II,* 781 F.2d at 106. His legitimate expectation could be only that, if successful on appeal, he would not be given a greater sentence than that previously imposed as punishment for appealing his conviction. *See Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

## C. Due Process

Mr. Shue also argues that the government is attempting to penalize him for exercising his right to appeal. Appellant cites *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), as condemning this sort of "prosecutorial vindictiveness." We find, however, no indication of vindictiveness in the district court's resentencing. Indeed, the appellant's sentence has been reduced, rather than increased, on resentencing.

The Supreme Court held in *Pearce* that the due process clause prevents a trial court judge from imposing a greater sentence on a defendant after a successful

---

**10.** Here, there is no question that the new sentence in Count IV complies with the statutory limit for that offense. *See supra* note 3; *North*

*Carolina v. Pearce*, 395 U.S. 711, 720, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969).

appeal of a conviction and retrial unless the judge gives as reasons "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081. Unless such reasons are given, the trial judge must resentence according to the original sentencing intentions. *Paul,* 783 F.2d at 87–88; *see Kuna II,* 781 F.2d at 106. This court has held that the proscription of *Pearce* applies to resentencing after vacation of an illegal sentence, as well as to resentencing after retrial. *Paul,* 783 F.2d at 88 (citing *Jefferson,* 760 F.2d at 825).

 *Pearce,* however, does not apply to the facts of this case. Although Mr. Shue argues that his sentence has been enhanced and that the government is trying to penalize him for exercising his right to appeal, the new sentence does comply with the original sentencing intent of the district court as articulated in its memorandum opinion granting the government's motion to resentence Mr. Shue: "Defendant Shue was originally sentenced on Count IV in the context of a lengthy prison sentence in the companion convictions which have since been reversed. In the absence of the other convictions, Shue, a master and recidivist criminal as shown at trial and as documented in the presentence reports, would not have been sentenced to probation." Mem. op. at 4. Accordingly, appellant's due process challenge to his resentencing fails.

### D. *Sentencing on the Counts to be Retried*

According to the information available to this court, Mr. Shue has not been retried on the counts that were previously reversed. If the government elects to retry and the defendant is found guilty, there will be ample opportunity to explore the limits on the sentencing judge at that time. Today, we need only hold that redistribution of the original sentence over the remaining count to effectuate the original sentencing intent was not a violation of the double jeopardy clause or the due process clause.

### Conclusion

For the reasons set forth in this opinion, the order of the district court resentencing Mr. Shue is affirmed.

AFFIRMED.