UNITED STATES of America, Plaintiff,

v.

Rodney TOLLIVER, Defendant.

Nos. 96 C 1603, 93 CR 444.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 30, 1996.

Lori E. Lightfoot, Asst. U.S. Atty., U.S. Attorney's Office, Chicago, IL, for U.S.

Rodney A. Tolliver, Sandstone, MN, pro se.

*MEMORANDUM OPINION*

KOCORAS, District Judge:

Petitioner Rodney Tolliver ("Tolliver") has filed this present motion under 28 U.S.C. § 2255 seeking to have this court vacate, set aside, or correct his sentence for a violation of 18 U.S.C. § 924(c)(1) pursuant to the recent Supreme Court decision of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Bailey* modified the

definition of "use" of a weapon under § 924(c)(1), requiring actual, active use and not allowing convictions based upon mere possession of a firearm. It is clear in this case that Tolliver did not actively use a weapon in any manner during the commission of a drug trafficking crime, and the government is in agreement that Tolliver's sentence for the § 924(c)(1) violation should be vacated. Therefore, we grant this motion and vacate Tolliver's sentence for his conviction on Count II of the indictment.

In light of the fact that Tolliver's sentence for his violation of § 924(c)(1) is being vacated, the government argues that this court should resentence Tolliver on the remaining count of his conviction, which stands unaffected by Tolliver's § 2255 motion. While there is a divergence of opinion on the propriety of a district court resentencing a defendant on counts remaining after the court has vacated another count of a multi-count indictment, we believe that resentencing under the remaining count is proper and grant the government's motion to resentence.

The Seventh Circuit has held that "when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent." *United States v. Shue,* 825 F.2d 1111, 1113 (7th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987). *See also United States v. Mancari,* 914 F.2d 1014, 1018–19 (7th Cir. 1990), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1320, 113 L.Ed.2d 253 (1991)(citing *Shue* ); *United States v. Bentley,* 850 F.2d 327, 328 (7th Cir.), *cert. denied,* 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988)(same). The rationale supporting this approach is that "[w]hen a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent." *Shue,* 825 F.2d at 1114. When one of these counts is later reversed while others are affirmed, it results in an "unbundled" sentencing package, rendering the sentencing package ineffective in carrying out the district court's sentencing intent. *Id.*

While it is true that this court vacated one of Tolliver's counts in this case, not the Court of Appeals, we believe that the Seventh Circuit's reasoning applies with equal force. It appears that Tolliver's conviction on the § 924(c)(1) count resulted in the omission of a possible two-level enhancement of his offense level for the companion drug count, thus affecting his sentence under that count. The sentences for both counts of his conviction thus were part of a sentencing package, which now is susceptible of alteration since the package has become "unbundled."

### CONCLUSION AND ORDER

Therefore, it is ordered that Tolliver's sentence under Count II of his indictment and conviction be vacated. The United States' motion to resentence Tolliver for Count I is granted. The parties are to appear at a time specified by the court in order to asses the future progression of this case.