106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry W. SMITH and Gustavo R. Briseno, Defendants-Appellants.
 Nos. 96-2966, 96-3021.
 
 Seventh Circuit.
 Submitted Sept. 25, 1996.*
Decided Jan. 7, 1997.
 Before ESCHBACH, KANNE and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Larry Smith and Gustavo Briseno face a situation common in the aftermath of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), which held that mere possession of a gun is insufficient to convict for the separate crime of using a firearm during a drug trafficking offense under 18 U.S.C. § 924(c). Smith and Briseno, and six others, conspired to possess marihuana with the intent to distribute it. Both were convicted not only on two counts of drug trafficking, but also of using a firearm in relation to a drug trafficking offense under § 924(c). Smith was convicted at trial; Briseno pled guilty. Both Smith and Briseno's § 924(c) gun-use convictions were vacated after Bailey. Smith did so pursuant to an appeal to this Court, United States v. Smith, 80 F.3d 215 (7th Cir.1996), in which we vacated the gun-use conviction and remanded for resentencing. Briseno filed a petition under 28 U.S.C. § 2255 to the district court which vacated his gun-use conviction. After vacation of the gun-use counts, the district court enhanced the drug trafficking sentences for both Smith and Briseno based on possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).[1]
 
 
 2
 Both defendants now appeal the enhancement of their sentences for possession of a firearm, but on different grounds. Smith argues that the district court committed clear error when it enhanced his sentence. According to Smith, there was insufficient evidence that he could reasonably foresee his co-conspirators' firearm possession (Smith himself did not possess one). Briseno argues that the district court lacked jurisdiction to enhance his sentence on unchallenged convictions based on a post-conviction challenge to a different charge (here, gun use during drug trafficking). Briseno also argues that enhancement under these circumstances violates double jeopardy.
 
 I. Background[2]
 
 3
 On February 23, 1996, police became suspicious when they saw two vehicles with Arizona plates parked at an Illinois hotel and noticed that one, an old Ford Econoline van, had a sophisticated alarm system. The police later observed eight people leave the hotel together and then drive off in the same direction in three separate vehicles, two of which had the Arizona plates. The police stopped each vehicle for traffic violations. Benjamin Shepherd drove the first, in which the police found a handgun. In the second, driven by Ernesto Sanchez and in which Briseno was a passenger, police found unassembled weapons in the trunk. Finally, in the van Smith drove, police found 91 pounds of marihuana.
 
 II. Smith's Challenge
 
 4
 After Smith successfully appealed his gun-use conviction under 18 U.S.C. § 924(c), Smith, 80 F.3d 215, the district court enhanced Smith's sentence for firearm possession under U.S.S.G. § 2D1.1(b)(1). Smith now challenges this enhancement as resting on clear error. For the enhancement to properly apply to Smith, based on his co-conspirator's possession of weapons, the government must prove by a preponderance of the evidence that firearm possession was reasonably foreseeable by Smith. United States v. Vold, 66 F.3d 915, 920 (7th Cir.1995). Smith claims it was not reasonably foreseeable.
 
 
 5
 During the resentencing hearing, the district court found that this was Smith's first involvement in the conspiracy. It further found that Smith did not know Shepherd before meeting him that night, did not know of the gun in his car, and may not have known of the guns in Sanchez's car.[3] The district court correctly pointed out, however, that reasonable foreseeability, not knowledge, is the standard for the enhancement. The court found that it was reasonably foreseeable to Smith that these co-conspirators would possess firearms. The court gave no detailed reasons for so finding, merely stating that Smith was aware of the "overall scheme," and thus, the entire method of operation was reasonably foreseeable. The court also referenced the fact that because the jury had found Smith guilty under § 924(c), it must necessarily have found that the gun possession was reasonably foreseeable to Smith.
 
 
 6
 This case is similar to Vold, 66 F.3d 915, in which we held that the firearm-possession enhancement must be based on more than the mere association between firearms and drug trafficking. In Vold, as here, there was no evidence that the relevant co-conspirator "fired or brandished" any gun, nor that the co-conspirator made any mention of possession a gun. Vold, 66 F.3d at 921. Indeed, the district court found that Smith had just met Shepherd, the possessor of the handgun, for the first time that night in the hotel.
 
 
 7
 In sum, the court enhanced Smith's sentence based on Smith's awareness of the "overall scheme" and deference to the jury's findings. But no deference is due to jury findings based on insufficient evidence. And the "overall scheme" appears to be nothing more than transporting drugs from Arizona to Ohio via caravan. Other than the common association between guns and drugs, there appears no reason why it would have been foreseeable that co-conspirators in this scheme would possess firearms. This is not enough to support the finding that Smith could reasonably foresee firearm possession on the part of his co-conspirators. As in Vold, we hold here that the district court committed clear error when it enhanced Smith's sentence for possession of a firearm under § 2D1.1(b)(1) of the guidelines.
 
 III. Briseno's Challenge
 
 8
 After successfully petitioning the court under 28 U.S.C. § 2255 to vacate his gun-use conviction, the court proceeded to enhance Briseno's sentence on the drug charges under U.S.S.G. § 2D.1(b)(1) for firearm possession. Briseno argues that the district court had no jurisdiction to resentence him on the unchallenged drug charges after his successful collateral attack on the gun-use conviction because the unchallenged charges were not before the court. According to Briseno, because he only challenged the gun-use count (and sentence), that was the only count over which the district court had authority.
 
 
 9
 If the district court had resentenced Briseno after a remand from a direct appeal--as it did Smith--it clearly would have had authority to increase his sentence on the unchallenged counts. This stems from the sentencing package doctrine delineated in United States v. Shue, 825 F.2d 1111 (7th Cir.1987). In Shue, the defendant had three counts of a four count conviction reversed on direct appeal; the fourth count was affirmed. On remand, the district court increase defendant's sentence on this fourth count by 15 years. Under his original sentence, defendant received five-year concurrent sentences on Counts III & IV, to be served consecutively to the sentences on Counts I & II. His total sentence equalled 30 years. On the government's motion after remand, the district court increased defendant's sentence on Count IV to 20 years. In upholding this resentencing, the Shue court explained that the district court (in most cases) does not just impose a series of unrelated sentences on individual counts. Id. at 1114. Rather, it constructs a coherent sentencing plan constituted by interdependent sentences on each count. Id. This is necessary because the sentence does not just reflect the crimes charged in those counts, but the individual characteristics of the defendant. See United States v. Mancari, 914 F.2d 1014, 1019 (7th Cir.1990) (quoting United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir.1989)). As the Shue court explained, "[b]ecause the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions." Shue, 825 F.2d at 1114. Thus, the court held that the district court had authority to resentence the defendant, even on affirmed counts, in order to effectuate its original sentencing intent. Id.
 
 
 10
 Just as in Shue, the sentences in the instant case form one coherent sentencing plan.[4] The original sentences on the individual counts were interdependent. First, they all stemmed from the same course of action: a specific drug conspiracy and the acts done in the course of that conspiracy, including possession (or "use") of a gun. Second, the judge's ability to sentence on the drug counts, as well, perhaps, as his willingness to do so, was circumscribed by the gun-use charge. He was unable to impose a gun possession enhancement when the defendant was convicted for using a gun during a drug crime under the terms of the sentencing guidelines. U.S.S.G. § 2K2.4, comment. (n. 2).
 
 
 11
 The main bone of contention is whether the district court also has authority to increase unchallenged counts when defendant has filed a successful § 2255 petition as opposed to a direct appeal. On direct appeal, the district court's authority to resentence on unchallenged counts stems from the appellate court's mandate to resentence on remand, authorized under 28 U.S.C. § 2106. United States v. Jefferson, 714 F.2d 689, 707 (7th Cir.1983) ("28 U.S.C. § 2106 vests in us, inter alia, the supervisory power to vacate and remand the entire sentencing package despite the fact that it includes an unchallenged sentence....").[5] The question is: what is the source of the district court's authority over the sentences on unchallenged counts when the successful challenge was brought under § 2255?
 
 
 12
 This was an issue of first impression in this Circuit[6] and research at the date of the writing of this order has revealed no case in any circuit addressing the issue.[7] The district courts to address the issue have split. A number have held that there is no authority to resentence on unchallenged counts after a § 2255 petition, finding no source for such authority and holding that the court only has power over the issues brought before it, in this case, only the challenged convictions. See Gardiner v. United States, no. 4-96-251, 1996 WL 224798 (D.Minn. May 3, 1996); Beal v. United States, 924 F.Supp. 913 (D.Minn.1996); Rodriguez v. United States, 933 F.Supp. 279 (S.D.N.Y.1996); Warner v. United States, 926 F.Supp. 1387 (E.D.Ala.1996). Other courts have located that authority in § 2255 itself and/or the sentencing package doctrine. See Mixon v. United States, 926 F.Supp. 178 (S.D.Ala.1996); Pedretti v. United States, No. 3:96-CV-0146, 1996 WL 340769 (N.D.N.Y. Apr. 26, 1996); Merritt v. United States, 930 F.Supp. 1109 (E.D.N.C.1996); Woodhouse v. United States, 934 F.Supp. 1008 (C.D.Ill.1996); United States v. Tolson, 935 F.Supp. 17 (D.D.C.1996).
 
 
 13
 Defendant correctly maintains that the government has no right to appeal defendant's sentence at this stage in the game. Rule 35 only authorizes correction in seven days. Fed.R.Crim.Pro. 35(c). The time for the government to appeal passed long ago. Fed.R.App.Pro. 4(b). Obviously, the government has no authorization to appeal under § 2255, because that statute only grants federal prisoners the right to petition the court. In this case, however, the court appears to have scheduled resentencing on its own authority. The government did not seek an enhancement until the resentencing hearing, and the defendant had already filed a memorandum in opposition to an enhancement in anticipation of this move. Thus, the court must have some authority to sua sponte review the sentences of unchallenged counts of a multicount conviction after one of those counts was vacated pursuant to a § 2255 petition.
 
 
 14
 We agree with those courts that have held that § 2255 grants the district court authority to review sentences as a whole, even when only one count of a multicount conviction has been challenged. Section 2255 states that, upon granting a § 2255 petition, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Based on the sentencing package doctrine, the language of this provision authorizes the court reexamine the entire sentencing package, as it did here. The ability to "resentence" defendant, or to "correct the sentence as may appear appropriate," entails the ability to revise the entire sentencing plan under the sentencing package doctrine. See United States v. Bentley, 850 F.2d 327, 328 (7th Cir.1988) (interpreting similar language in rule 35 which allows court to "correct an illegal sentence" to authorize resentencing of entire sentencing plan); United States v. Wolf, 90 F.3d 191 (7th Cir.1996) (same). This power to resentence is, of course, constrained by due process considerations. "We are confident, however, that if illegal sentences in the original package foil the district court's original plans, the court may start anew and arrive at a punishment no more severe in aggregate than the first." Bentley, 850 F.2d at 328.[8]
 
 
 15
 Briseno also challenges his resentencing as violating double jeopardy. However, resentencing after a § 2255 petition does not present a double jeopardy problem. As we made clear in Shue, the double jeopardy clause is no bar to resentencing "so long as the new sentence conforms to statutory limits and effectuates the district court's original sentencing intent." Shue, 825 F.2d at 1115. The court did nothing but what was necessary to conform to its original sentencing plan. Originally, defendant was convicted for using a gun during a drug trafficking offense, based on his co-conspirator's possession of a gun. The Supreme Court since held mere possession does not qualify as the separate crime charged. But the facts remained the same. The gun possession still existed and still merited punishment. Because of the gun-use charge, using the firearm possession enhancement was not an option during the original sentencing; but the district court clearly intended there be some additional punishment based on the fact of firearm possession. Moreover, when a defendant appeals his sentence, he no longer has a legitimate expectation of finality. Id. The same can be said here because "[w]here the defendant challenges one of several interdependent sentences (or underlying convictions) he has, in effect, challenged the entire sentencing plan." Id.
 
 IV.
 
 16
 For the foregoing reasons, we REVERSE Smith's § 2D1.1(b) sentence enhancement and REMAND for resentencing. Briseno's sentence, however, is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Smith was originally sentenced to 41 months on each of two drug counts, to run concurrently, and a 60 month consecutive sentence on the gun-use count, totaling 101 months in prison; he was resentenced to two concurrent 51 month terms on each drug count. Briseno was originally sentenced to two concurrent terms of 24 months on the two drug counts, and a 60 month consecutive sentence on the gun-use count, totaling 84 months in prison; he was resentenced to concurrent sentences on the drug counts of 30 months each
 
 
 [2]
 Because we assume familiarity with our previous opinion in this case, Smith, 80 F.3d 215, we review the background only briefly
 
 
 [3]
 In Briseno's resentencing, the court indicated it would not enhance based on the unassembled weapon's in Sanchez's car; thus the enhancement must be based on the gun in Shepherd's car
 
 
 [4]
 Unlike Shue, defendant did not challenge the convictions on which the sentences were increased. But this fact alone does not matter. See, e.g., United States v. Jefferson, 760 F.2d 821 (7th Cir.) (affirming increased sentence on unchallenged count after remand of entire sentence from direct appeal), vacated on other grounds, 106 S.Ct. 41 (1985). Moreover, the fact that the sentences in the instant case were consecutive does not place it outside of the sentencing package doctrine. See, e.g., Mancari, 914 F.2d 1014 (affirming resentencing of consecutive sentences to allow district court to conform to intent of original sentencing plan)
 
 
 [5]
 Contrary to some Circuits, see, e.g., United States v. Henry, 709 F.2d 298 (5th Cir.1983), this circuit does not require precise language vacating all aspects of a multicount sentence in order to authorize the district court to restructure the sentence as a whole. Shue, 825 F.2d at 1113 n. 7
 
 
 [6]
 Since the writing of this Order, our circuit issued its opinion in United States v. Smith, No. 96-2934, 1996 WL 729124 (Dec. 19, 1996) (involving a different Smith than the current defendant), which came to the same conclusion on this issue as this Order
 
 
 [7]
 Some courts have addressed whether such resentencing on unchallenged counts after a successful § 2255 petition violates double jeopardy. These courts necessarily assumed jurisdiction, but did not address the jurisdictional question presented here. See, e.g., Chandler v. United States, 468 F.2d 834 (5th Cir.1972) (holding resentencing on unchallenged count after successful § 2255 petition violates double jeopardy); United States v. L'Allier, 37 F.3d 1501 (7th Cir.1994) (unpublished order) (holding that resentencing of unchallenged count after successful § 2255 petition violated neither double jeopardy nor due process)
 
 
 [8]
 There is no due process problem here, and Briseno does not allege there is one. Although defendant's sentence on the drug conviction increased, his overall sentence decreased. Thus, defendants in this situation will not be chilled from challenging their gun-use convictions out of fear of receiving a longer sentence in the end. See Mancari, 914 F.2d at 1021. Further, as discussed below, the district court maintained consistency with its original sentencing intent. See id. at 1021-22