107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie TILMON, Defendant-Appellant.
 No. 96-2554.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 6, 1996.
Decided Feb. 25, 1997.
 
 Before BAUER, COFFEY, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 On March 5, 1993, Defendant-Appellant Freddie Tilmon pleaded guilty to Counts 1, 2 and 3 of a four-count indictment. Counts 1 and 2 charged Tilmon with possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Count 3 charged Tilmon with using or carrying a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c). The district court initially sentenced Tilmon to concurrent terms of 121 months' imprisonment on Counts 1 and 2 and a consecutive term of 60 months' imprisonment on Count 3. On September 23, 1994, following a Rule 35 motion by the Government, the district court reduced Tilmon's sentence to concurrent 80-month prison terms on Counts 1 and 2 and a consecutive 60-month prison term on Count 3.
 
 
 2
 On April 3, 1996, Tilmon successfully petitioned the district court, pursuant to 28 U.S.C. § 2255, to vacate his conviction on Count 3 in light of the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995). At resentencing, the court applied a two-level enhancement to Tilmon's offense level on Counts 1 and 2, pursuant to U.S.S.G. § 2D1.1(b)(1), to reflect his possession of a firearm during a drug-trafficking offense. Tilmon ended up with a 100-month prison sentence.
 
 
 3
 Tilmon appeals his recalculated sentence. He contends that by resentencing him on counts that he did not specifically attack in his § 2255 petition, the district court both exceeded the scope of its jurisdiction and violated the Double Jeopardy Clause.
 
 
 4
 The issues Tilmon raises with regard to resentencing in the context of a § 2255 proceeding recently were addressed by this Court in United States v. Smith, No. 96-2934, 1996 WL 729124 (7th Cir. Dec. 19, 1996). In Smith, we held (1) that the district court has the authority to restructure a defendants' entire sentence even when his § 2255 petition attacks the validity of just one count of conviction, and (2) that such resentencing does not violate the Double Jeopardy Clause. This is so because, generally, when a defendant is convicted of more than one count of a multicount indictment, the district court will impose a "sentencing package"--an overall punishment which takes into account the interdependence of the individual counts. See United States v. Shue, 825 F.2d 1111, 1114 (7th Cir.), cert. denied, 484 U.S. 956 (1987). If a sentencing package becomes unbundled, as in Tilmon's case where the district court vacated his § 924(c) conviction and its accompanying 60-month prison sentence, the district court is entitled to effectuate its original sentencing intent by resentencing the defendant. Smith, 1996 WL 729124, at * 2. As for double jeopardy, we made clear in Smith that, when a sentencing package is imposed, a defendant does not have an expectation of finality with regard to any part of his sentence "until action is taken in regard to the whole sentence." Smith, 1996 WL 729124, at * 5.
 
 
 5
 We conclude that the district court did not transgress any jurisdictional or constitutional boundaries by resentencing Tilmon and enhancing his offense level on Counts 1 and 2. We therefore AFFIRM Tilmon's recalculated 100-month prison sentence.