129 F.3d 120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
Twan J. JAMES, Defendant-Appellant.
 No. 96-3342.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1997.
Decided Oct. 21, 1997.
 
 Appeal from the United States District Court for the Plaintiff-Appellee Eastern District of Wisconsin, No. 92 CR 178; Robert W. Warren, Judge.
 
 
 1
 Before KANNE, ROVNER, and CURTIN, District Judges.*
 
 ORDER
 
 2
 Twan James was convicted by a jury of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, conspiracy to possess with intent to distribute heroin, possession with intent to distribute heroin, two counts of possession of a firearm during and in relation to a drug trafficking crime, and one count of being a felon in possession of a firearm. He was sentenced to a total of 451 months, including a 60 month mandatory sentence for one of the firearm/drug trafficking counts and a 240 month mandatory sentence for the other, each to be served consecutively to the rest of his sentence, and consecutively to each other. James appealed his conviction and we affirmed.See United States v. James, 40 F.3d 850 (7th Cir.1994). He then appealed to the United State Supreme Court. While that appeal was pending, the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995). As a result of Bailey, we reversed the conviction on one of the firearm/drug trafficking counts, affirmed the convictions on the other counts, vacated the sentence and remanded for proceedings consistent with our opinion.
 
 
 3
 On remand, the district court sentenced James to a total of 248 months, including 60 consecutive months for the remaining firearm/drug trafficking count. The court noted that at age 24, James appeared to be a "hardened criminal with few redeeming aspects to his life." The court further noted in its "Statement of Reasons" that at the first sentencing, James was sentenced to the low end of the range for the non-firearms counts because of the impact of the mandatory consecutive terms for the firearm/drug trafficking counts. Because that factor was now absent, the court resentenced James to the high end of the range for the non-firearms counts. James again filed a notice of appeal, but this time his court-appointed counsel filed a motion to withdraw and a brief in support, contending there were no non-frivolous grounds for appeal.See Anders v. California, 386 U.S. 738 (1967). This Court notified James, pursuant to Circuit Rule 51(a), of his right to respond to his attorney's motion.[1] The Court also granted James an extension of time in which to file any response to his attorney's motion, but James filed nothing in the allotted time.
 
 
 4
 Having examined the attorney's motion and brief, and the record, we conclude there is no non-frivolous basis for appeal. See United States v. Mancari, 914 F.2d 1014, 1022 (7th Cir.1990) (when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent); United States v. Shue, 825 F.2d 1111 (7th Cir.1987) (no double jeopardy bar to enhancing the sentence on one or more counts that are affirmed on appeal in order to fulfill the sentencing intent of the trial judge when other counts are reversed). Therefore counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 The Honorable John T. Curtin, of the Western District of New York, sitting by designation
 
 
 [1]
 Circuit Rule 51 also requires the attorney to file a proof of service which indicates the current address of the client. The attorney in this case filed no such proof of service. Counsel is admonished to fully comply with Circuit Rule 51(a) in the future