# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2010

No. 09-10088

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EMMANUEL CHUKWUDI EKWURUKE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-201

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emmanuel Ekwuruke challenges his sentence and conviction for separate counts of theft by a bank employee, theft of public money, and aggravated identity theft. We affirm Ekwuruke's conviction as to counts I and II. Because the government concedes that the aggravated identity theft conviction was improper, we vacate in part and remand for resentencing.

## FACTS AND PROCEEDINGS

Ekwuruke worked at an Internal Revenue Service "lock box," which was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

located in a Bank of America facility in Richardson, Texas. Bank of America had contracted with the IRS to receive and process tax payments on behalf of the IRS at the facility. As a temporary contract employee in the facility's "exceptions" division, Ekwuruke had access to taxpayer payment checks.

After Ekwuruke tried to deposit a crudely altered stolen check at the Mesquite, Texas branch of Compass Bank, bank employees notified the Mesquite Police Department. The check was machine printed and made out to the IRS. Ekwuruke had altered the payee line by hand with a black marker. Officers arrested Ekwuruke and an inventory search of Ekwuruke's car revealed more stolen checks and money orders. The officers also found various IRS forms, papers containing other people's social security numbers and names, as well as several photocopies of checks, on which Ekwuruke appears to have practiced altering the name of the payee. The face value of the stolen checks found in Ekwuruke's possession was approximately $485,000.

Ekwuruke was charged with one count of embezzling, abstracting, purloining, or misapplying $485,059.76 from Bank of America, in violation of 18 U.S.C. § 656 ("count I"); one count of embezzling, stealing, purloining, or converting to his use tax payer remittance checks in excess of $1,000, in violation of 18 U.S.C. § 641 ("count II"); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A ("count III"). At trial, the government concluded its case with the testimony of special agent Winters, the agent assigned to Ekwuruke's investigation. Winters testified about the findings of his investigation, and in the process, occasionally paraphrased the testimony of previous witnesses. Ekwuruke called no witnesses in his defense. The jury returned a verdict of guilty on all three counts. At sentencing, the district court

09-10088

imposed a guidelines sentence of 42 months as to counts I and II, and a mandatory sentence of 24 months as to count III. *See* 18 U.S.C. § 1028(a)(1). As required by statute, the district court judge imposed the 24 month sentence on count III to be served consecutively to the 42 month sentence on counts I and II. *See id*. § 1028A(b)(2). This timely appeal followed.

## DISCUSSION

Ekwuruke's first two arguments on appeal relate to his conviction on count III for aggravated identity theft, which the government agrees must be vacated. He also argues that the testimony of special agent Winters was impermissible summary testimony and that his 42 month sentence as to counts I and II is substantively unreasonable. Because we vacate Ekwuruke's conviction and sentence on count III and remand for resentencing, we need only resolve the summary testimony issue here.

A.    Summary Testimony

At the outset, the parties dispute the correct standard of review on this issue. The government argues for plain error review because Ekwuruke did not object to many of the allegedly summary statements. *See United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003). Relying on his objection to a question posed early in Winters's examination that "[a]ll of these questions have been asked and answered," Ekwuruke maintains that the summary testimony issue is properly before the court. Because we find that any error by the district court was harmless, we need not determine what standard is appropriate.

09-10088

Federal Rule of Evidence 1006 provides for the use of summary evidence in some circumstances.[1]   The rule "does not specifically address summary witnesses or summarization of trial testimony." *Fullwood*, 342 F.3d at 413. Finding this omission "significant," this court has held that Rule 1006 "does not contemplate summarization of live testimony presented in court." *Id.* (quotation omitted).  When a case is particularly complex, we have nevertheless allowed "summary witnesses in a limited capacity." *Id.*   The government may not, however, use a witness to summarize "portions of the live testimony previously introduced in the government's case." *United States v. Castillo*, 77 F.3d 1480, 1499 (5th Cir. 1996).  Moreover, summary testimony cannot be used "to allow the Government to repeat its entire case-in-chief shortly before jury deliberations." *Fullwood*, 342 F.3d at 413.

Some of Winters's testimony recapitulated the testimony of others, as the government concedes.  Winters testified about the number and dollar amounts of the checks found in Ekwuruke's car, even though these undisputed facts were covered by previous government witnesses.  Other testimony was impermissible for different reasons.  Winters testified that certain non-testifying taxpayers mailed checks to the facility where Ekwuruke worked.  In addition to being hearsay, offering the non-testifying taxpayers' statements regarding where they mailed their checks was impermissible summary testimony because supporting evidence must be "presented previously to the jury" to be used properly under

---

[1] F ED R. EVID. 1006 states:  The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

09-10088

Rule 1006. *United States v. Hart*, 295 F.3d 451, 458 (5th Cir. 2002) (quotation omitted).

Much of the testimony that Ekwuruke finds most objectionable, however, cannot be described as summary, or was excluded on other grounds. Ekwuruke states that—"most significantly"—Winters impermissibly testified that taxpayers did not give Ekwuruke permission to negotiate their checks and that the taxpayers' checks were not posted to their IRS accounts. Ekwuruke's objection to the former statements was sustained on hearsay grounds. The latter statements by Winters were based on his independent review of the taxpayers' accounts. A summary witness is allowed to testify about facts "personally experienced" by him, even though the testimony "bolsters" the government's other evidence. *United States v. Moore*, 997 F.2d 55, 59 (5th Cir. 1993). Such testimony is not improper summary testimony for purposes of Rule 1006. *See Castillo*, 77 F.3d at 1499.

Winters was testifying from personal experience when he stated that it appeared that Ekwuruke practiced altering checks on some documents found in Ekwuruke's car; the documents were admitted into evidence and were before Winters as he testified. Ekwuruke characterizes this testimony as "spinning" the statements of previous witness, but it is clear that Winters was simply giving his lay opinion about the documents in front of him. *See* FED. R. EVID. 701. Ekwuruke does not contend that Winters's testimony impermissibly relied on specialized knowledge. *See id.*

In sum, it appears that Winters did offer some summary testimony, but Ekwuruke overstates the amount of the summary testimony and, ultimately, the effect of this testimony on his conviction. The government's case against

09-10088

Ekwuruke was essentially uncontradicted, and Winters did not unfairly characterize the testimony of those witnesses he did summarize. We have affirmed convictions, despite finding some impermissible summary testimony, in similar circumstances. *See United States v. Nguyen*, 504 F.3d 561, 572–73 (5th Cir. 2007); *Castillo*, 77 F.3d at 1500. Because we conclude that there is no reasonable possibility that Winters's summary testimony contributed to Ekwuruke's conviction, we find no reversible error. *See United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992) ("'[U]nless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required.'" (quoting *Schneble v. Florida*, 405 U.S. 427, 432 (1972))).

B.    Remand for Resentencing

Count III of the indictment charges Ekwuruke with identity theft "during and in relation to" the bank theft alleged in count I. Because the events charged in count I ceased well before the identity theft charged in count III, the government concedes that Ekwuruke's conviction and sentence for count III must be vacated.

The government requests that the court remand for resentencing as to counts I and II. Ekwuruke contends that remand would be inappropriate, relying on 18 U.S.C. § 1028A(b)(3). That provision prohibits a sentencing judge from giving a defendant a reduced sentence for the conviction of a predicate crime to an aggravated identity theft conviction, such as the bank theft enumerated in count I, "to compensate for" a mandatory sentence imposed for an aggravated identity theft conviction. According to Ekwuruke, § 1028A required the district court to calculate the sentences for counts I and II

09-10088

separately from count III, and so remand is unnecessary.  Instead, Ekwuruke asks the court to simply subtract the 24 months attributable to count III from his existing sentence.

We hold that a remand for resentencing is proper.  "Sentencing is a fact-sensitive exercise that requires district court judges to consider a wide array of factors when putting together a 'sentencing package.'"  *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997).  When an appellate court vacates one of several related convictions, remand is proper so that the district court can "reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal."  *Id.*; *see also United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987) ("When . . . one or more counts of a multicount conviction are reversed . . . , the result is an "unbundled" sentencing package.").  The district court should have the opportunity to reevaluate Ekwuruke's sentence in light of the fact that Ekwuruke no longer faces an additional 24 month sentence for a separate but related crime.  The district court may find that a different total sentence would achieve the goals set forth in 18 U.S.C. § 3553 under these new circumstances, or it may not.  But the district court should have the opportunity to make this determination in the first instance.

Because we remand for resentencing, the court declines to address Ekwuruke's substantive reasonableness challenge to his sentence on counts I and II.  *United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).  We can reject, however, Ekwuruke's argument that the district court erroneously considered the other checks found in his car when it determined the amount of loss attributable to the fraud.  It was proper for the district court to consider

7

intended loss when calculating Ekwuruke's sentence. *United States v. Wimbish*, 980 F.2d 312, 316 (5th Cir. 1992), *abrogated on other grounds by Stinson v. United States*, 508 U.S. 36, 40 n.2 (1993); *see also United States v. Quertermous*, 946 F.2d 375, 376–77 (5th Cir.1991) (affirming an intended loss calculation that included the face value of checks that the defendant had stolen from the mail and forged, but had not yet cashed). Ekwuruke has not shown that the district court clearly erred when it found that the intended loss exceeded $400,000, *United States v. Sowels*, 998 F.2d 249, 251 (5th Cir. 1993), and the same finding may serve as the basis for Ekwuruke's sentence on remand.

## CONCLUSION

For the reasons stated, we AFFIRM Ekwuruke's conviction as to counts I and II. We VACATE his conviction as to count III, and REMAND for resentencing.